UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:15-CR-655 |
| | § | |
| FRANKLIN GERARDO BANEGAS | § | |

## ORDER

Pending is Defendant's Motion to Permit Telephonic Testimony. (D.E. 16). The motion was referred to the undersigned Magistrate Judge for disposition pursuant to 28 U.S.C. § 636 and a hearing was held on October 20, 2015. The motion is **GRANTED** for the reasons set forth below.

The defendant is an alien charged with illegally re-entering the United States in violation of 8 U.S.C. § 1326. (D.E. 6). The defendant previously filed his Motion To Dismiss The Indictment And Suppress Evidence of Prior Removal. (D.E. 14). In support of his motion challenging the validity of his prior deportation order, the defendant seeks to present the testimony of two witnesses by telephone. One of the witnesses is the defendant's ex-wife who has knowledge of the prior immigration proceedings. The other witness is the defendant's current immigration attorney who will testify about the ineffectiveness of the defendant's prior counsel. Both witnesses live in Florida. The defendant is indigent. The defendant cites the expense of the witness travel as being an impediment to having the witnesses testify in person. Further, the defendant's ex-wife

was recently hospitalized and suffers from poor health. The Government is opposed to telephonic testimony in this instance.

Suppression hearings are not required to be conducted under strict rules of evidence. *United States v. De La Fuente*, 548 F.2d 528, 532 (5th Cir. 1977). The Fifth Circuit has found that considering hearsay testimony at a suppression hearing was not improper. *See United States v Sanchez*, 689 F.2d 508, 509 n. 2 (5th Cir. 1982). Unlike a hearsay declarant, the witnesses appearing by telephone will be subject to examination. Further, Federal Rules of Evidence 104(a) and 1101(d)(1), provide that the trial court, in resolving preliminary fact questions concerning the admissibility of evidence, is not bound by the rules of evidence. Finally, if the District Judge determines that telephonic testimony is not workable or if the Government can establish prejudice, the Court may *sua sponte* reconsider this ruling. The undersigned is of the opinion Defendant's Motion to Permit Telephonic Testimony (D.E. 16) should be GRANTED.

Therefore, it is ORDERED that the defendant's ex-wife and his current immigration attorney may testify by telephone at the hearing on Defendant's Motion To Dismiss The Indictment And Suppress Evidence of Prior Removal. (D.E. 14). Counsel for defendant shall contact Judge Ramos' case manager regarding coordinating the logistics of the telephonic testimony.

ORDERED this 20th day of October, 2015.

_____
Jason B. Libby
United States Magistrate Judge