United States District Court
Southern District of Texas
**ENTERED**
February 03, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:15-CR-655 |
| | § | |
| FRANKLIN GERARDO BANEGAS | § | |

### ORDER DENYING MOTION TO DISMISS INDICTMENT AND SUPPRESS EVIDENCE OF PRIOR REMOVAL

Before the Court is Defendant Franklin Gerardo Banegas's "Motion to Dismiss Indictment and Suppress Evidence of Prior Removal." D.E. 14. Defendant is charged by indictment with illegal reentry, in violation of Title 8 United States Code §§ 1326(a) and 1326(b). D.E. 6. He argues that the prior removal order cannot be used to establish an element of the offense charged. The Government filed a response (D.E. 17) and the Court heard the motion on October 26, 2015. While the Court granted Defendant's request for more time to submit further briefing, Defendant later advised that no further briefing would be submitted. At the Final Pretrial Conference on January 7, 2016, the Court requested additional briefing, which was filed and has been reviewed (D.E. 27, 28). For the reasons set out below, Defendant's motion is **DENIED.**

### FACTS

Defendant, a citizen of Honduras, came to the United States in 1977 and became a Legal Permanent Resident in December of 1989. D.E. 14, p. 1. On July 21, 1997, Defendant was convicted in a Florida court of one count of burglary with assault or battery (Fla. Stat. Ann. § 810.02(2)(A)), a first degree felony; one count of

robbery/strongarm (Fla. Stat. Ann. § 812.13(2)(c)), a second degree felony; and one count of criminal mischief/over $200, under $1000 (Fla. Stat. Ann. § 806.13(1)(B)(2), a first degree misdemeanor.  He was sentenced to 13 months in the county jail for the burglary and robbery offenses and was sentenced to a 13 month suspended sentence for the criminal mischief offense.  D.E. 14-1, p. 14.  On November 1, 2012, Defendant was convicted in a Florida court of two counts of neglecting a child/no bodily harm (Fla. Stat. Ann. § 827.03(3)(a)(c)), third degree felonies.  *Id.*  Based on these convictions, removal proceedings were initiated in April of 2013.  A Notice to Appear was issued and a hearing was scheduled for November 5, 2013.  *Id.* at 12.  Defendant hired an attorney, Martin Rivas (Rivas), to represent him.

      According to Defendant, he told Rivas that he might be late to the hearing because he had to take his children to school and Rivas told him that "would not be a problem." D.E. 14, p. 2.  At the hearing before this Court, Defendant testified that Rivas called him three days before the removal hearing to remind him about it, but Rivas did not try to reach Defendant on the date of the removal hearing.  On the morning of the removal hearing, Defendant dropped his children off at school, stopped at Burger King for coffee, and then was delayed by traffic, causing him to be late to court.  He testified that as he approached the courthouse, a large truck was unloading material and blocked traffic.  Defendant arrived for the 8:00 a.m. hearing around 9:10 a.m.  The court was still in session, but he was informed that at 8:49 a.m., Rivas had told the Immigration Judge (IJ) that he did not know where Defendant was so the IJ entered an order of removal in absentia.

Defendant immediately contacted Rivas and Rivas told him that he would file a motion to reopen the hearing. On February 11, 2014, Defendant's first motion to reopen was denied because the filing fee was not paid. D.E. 14–2. On April 4, 2014, Defendant's second motion to reopen was denied because Defendant failed to appear at the initial hearing and his attorney had informed the court that he did not know where he was. D.E. 14-1, p.11.

Defendant testified that he fired Rivas three to four months after the hearing and he attempted to file some papers with the court about six months later, but they were returned as undeliverable. At some point thereafter, Defendant paid an attorney fifty dollars to review his papers, but nothing further was done. Defendant was arrested pursuant to the order of removal and was deported on June 26, 2015. D.E. 1.

Defendant then hired attorney Susan Torres who filed a motion to reopen based on Rivas's alleged ineffective assistance of counsel. Defendant also asserts that he would be eligible for Cancelation of Removal or Readjustment of Status based on an immediate relative petition in conjunction with a 212 waiver. D.E. 14–1.

On July 12, 2015, Defendant was apprehended by Border Patrol in Kenedy County, Texas (D.E. 1), and was subsequently charged with illegal reentry after deportation—the charge now before the Court. D.E. 6.

## DISCUSSION

A defendant who is charged with illegal reentry after deportation may collaterally attack the underlying removal order. *United States v. Mendoza–Lopez,* 481 U.S. 828, 839 (1987). To do so, the defendant must demonstrate that: (1) the removal hearing was

fundamentally unfair; (2) the hearing effectively eliminated the right of the defendant to challenge the hearing by means of judicial review of the order; and (3) the procedural deficiencies caused the defendant actual prejudice. *United States v. Lopez–Ortiz*, 313 F.3d 225, 229 (5th Cir. 2002). "[T]o succeed on a collateral attack of a deportation order on due process grounds, an alien must first demonstrate that he has suffered actual prejudice." *Ojeda–Terrazas v. Ashcroft*, 290 F.3d 292, 302 (5th Cir. 2002).[1]

To show prejudice, a defendant must show that "there was a reasonable likelihood that but for the errors complained of the defendant would not have been deported . . . In short, [i]f the defendant was legally deportable and, despite the INS's errors, the proceeding could not have yielded a different result, the deportation is valid for purposes of section 1326." *United States v. Lopez-Vasquez*, 227 F.3d 476, 485 (5th Cir. 2000) (citations omitted) (internal quotation marks omitted). Defendant here is unable to show he suffered actual prejudice.

The Government relies on 8 U.S.C. § 1228(c), which states, "An alien convicted of an aggravated felony shall be **conclusively** presumed to be deportable from the United States." (Emphasis added). *See also*, 8 U.S.C. § 1227(a)(2)(A)(iii). Because Defendant had been convicted of an aggravated felony prior to the previous deportation proceeding, the Government argues, it does not matter whether he was late to court for good reason or whether his attorney failed to properly handle the issue of his failure to appear and

---

[1] "If the alien fails to establish one prong of the three part test, the Court need not consider the others." *United States v. Mendoza-Mata,* 322 F.3d 829, 832 (5th Cir. 2003).

subsequent efforts to reopen the hearing.  The conclusive presumption of deportability is determinative as to the prior removal order.

Thus the question for the Court is whether one or more of Defendant's prior convictions constitutes an "aggravated felony" under the statute.  An alien commits an "aggravated felony" if he commits "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(F).  The 13-month sentence satisfies the term of imprisonment requirement.  D.E. 27-1, p. 11.

A crime of violence is defined as,

> (a)  an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b)  any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16.  The Fifth Circuit has held that courts are to evaluate the criminal statute of conviction with an ordinary, common sense, contemporary analysis of its elements to determine whether it stated a crime of violence.  *United States v. Castillo-Morales*, 507 F.3d 873, 875 (5th Cir. 2007).

**Burglary with Assault**.  Defendant was convicted of "burglary with assault therein," as a first degree felony under Florida Statute § 810.02.  D.E. 27-1, pp. 8, 10.  At the time of the offense and conviction, that statute stated:

> (2) Burglary is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life

> imprisonment or as provided in s. 775.082, s. 775.083, or s. 775.084, if, in the course of committing the offense, the offender:
>
> (a) Makes an assault or battery upon any person; . . . .

Fla. Stat. Ann. § 810.02 (West 1996).

> An "assault" is an intentional, unlawful ***threat by word or act to do violence to the person of another***, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent.

Fla. Stat. Ann. § 784.011 (West 1996) (emphasis added). Thus the elements of the offense for which Defendant was convicted, construed pursuant to ordinary meaning, include "threatened use of physical force against the person or property of another" sufficient to constitute a crime of violence.

**Robbery**. Defendant was also convicted of robbery as a second degree felony under Florida Statute § 812.13. D.E. 27-1, pp. 8, 10. According to the statute at the time of the offense:

> "Robbery" means the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, ***when in the course of the taking there is the use of force, violence, assault, or putting in fear***.
>
> . . .
>
> If in the course of committing the robbery the offender carried no firearm, deadly weapon, or other weapon, then the robbery is a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

Fla. Stat. Ann. § 812.13(1), (2)(c) (West 1996) (emphasis added).  *See also*, definition of assault, above.  Again, construing the statute according to ordinary meaning, its elements include the threat of force, satisfying the definition of a crime of violence under 18 U.S.C. § 16.

Because these two convictions are for crimes of violence, they constitute aggravated felonies, making Defendant's prior removal order unassailable in this Court.  Defendant's deportability at that time must be conclusively presumed.  Thus Defendant cannot show actual prejudice from any deficiencies in the removal proceeding and he cannot successfully collaterally attack his prior order of removal.[2]  The prior order is admissible evidence of an element of the offense before the Court.

The Court **DENIES** Defendant's Motion to Dismiss Indictment and Suppress Evidence of Prior Removal (D.E. 14)**.**

ORDERED this 2nd day of February, 2016.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE

---

[2]  For that reason, the Court need not, and does not, reach whether any of the other convictions for child neglect also support the prior deportation order.